DLD-280                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2205
_____

IN RE:  PAUL JOSEPH BEGNOCHE, SR.,
                                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-15-cv-02047)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 6, 2020

Before:  RESTREPO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 3, 2020)
_____

OPINION*
_____

PER CURIAM

    Paul Joseph Begnoche, Sr. has filed a petition for a writ of mandamus.  For the

reasons below, we will deny the petition.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2011, Begnoche pleaded no contest in the Court of Common Pleas of Dauphin County to rape of a child under 13 years of age, involuntary deviate sexual intercourse with a child under 13, statutory sexual assault, incest, indecent assault of a person under 13, and unlawful communication with a minor. He was subsequently sentenced to 10-20 years in prison. He did not appeal. In 2015, after an unsuccessful PCRA petition, Begnoche filed a petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Pennsylvania.

In his mandamus petition, dated June 9, 2020, Begnoche complains that his § 2254 petition has been pending for a long time without any resolution of the "core issues." He seeks an order directing the District Court to act on his petition and pending motions. He also requests that we grant him release from his prison sentence based on the alleged merit of his § 2254 petition.

On July 9, 2020, the District Court entered an order denying Begnoche's § 2254 petition. His pending motions have also been resolved. Thus, his request that we direct the District Court to act on his petition and motions is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

As for Begnoche's request that we direct his release from prison, we will deny the writ. The writ of mandamus will issue only in extraordinary circumstances. See Sporck

2

v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought.  Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).  A writ is not a substitute for an appeal.  See In Re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).  Here, Begnoche has not shown a clear and indisputable right to release, and he has the alternate remedy of appealing the District Court's denial of his § 2254 petition.

For the above reasons, we will deny the mandamus petition.